Todd Blanche
Deputy Attorney General of the United States
Michael J. Ellis
Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 11 2026

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:25-CR-00194-TOR |
| Plaintiff, | Plea Agreement |
| v. | Fed. R. Crim. P. 11(c)(1)(C) |
| MATTHEW BARSHAW, | |
| Defendant. | |

Plaintiff United States of America, by and through Michael J. Ellis, Assistant United States Attorney for the Eastern District of Washington, and Defendant Matthew Barshaw ("Defendant"), both individually and by and through Defendant's counsel, Adrien L. Fox, agree to the following Plea Agreement.

1.    Guilty Pleas and Maximum Statutory Penalties

Defendant agrees to enter pleas of guilty to Counts 1, 2, and 3 of the Indictment filed on December 17, 2025, which charge Defendant with Arson and Attempted Arson in Indian Country, in violation of 18 U.S.C. §§ 81, 1153, 13, Wash. Rev. Code § 9A.04.110(5), (7), a Class A felony (Count 1); Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), a Class C felony (Count 2); and Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of

PLEA AGREEMENT - 1

Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii), a Class B felony (Count 3).

Defendant understands that the following potential penalties apply to Arson and Attempted Arson in Indian Country:

     a.   a term of imprisonment of any term of years or life;

     b.   a term of supervised release of not more than five years;

     c.   a fine of up to $250,000; and

     d.   a $100 special penalty assessment.

Defendant understands that the following potential penalties apply to Felon in Possession of a Firearm:

     a.   a term of imprisonment of not more than fifteen (15) years;

     b.   a term of supervised release of not more than three years;

     c.   a fine of up to $250,000; and

     d.   a $100 special penalty assessment.

Defendant understands that the following potential penalties apply to Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine:

     a.   a term of imprisonment of not less than five (5) years and up to forty (40) years;

     b.   a term of supervised release of not less than four years and up to a life term;

     c.   a fine of up to $5,000,000; and

     d.   a $100 special penalty assessment.

2.   <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term

PLEA AGREEMENT - 2

of supervised release without credit for time previously served on post release supervision, up to the following terms:

      a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

      b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony,

      c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C or D felony, and/or

      d.    1 year in prison if the offense that resulted in the term of Supervised Release is a class E felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.    <u>The Court is Not a Party to this Plea Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

      a.    sentencing is a matter solely within the discretion of the Court;

      b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

      c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

      d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

PLEA AGREEMENT - 3

e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart or vary upward or downward under certain circumstances; and

f.    Defendant understands that this Plea Agreement contains sentencing recommendations pursuant to Fed. R. Crim. P. 11(c)(1)(C). As a result, the United States may withdraw from this Plea Agreement if the Court imposes a lesser sentence than agreed upon, and Defendant may withdraw from this Plea Agreement if the Court imposes a harsher sentence than agreed upon.

4.    Potential Immigration Consequences of Guilty Plea

If Defendant is not a citizen of the United States, Defendant understands the following:

a.    pleading guilty in this case may have immigration consequences;

b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5.    Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is

PLEA AGREEMENT - 4

knowingly and voluntarily waiving certain constitutional rights, including the following:

      a.    the right to a jury trial;

      b.    the right to see, hear and question the witnesses;

      c.    the right to remain silent at trial;

      d.    the right to testify at trial; and

      e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    Denial of Federal Benefits

Defendant understands that by entering this plea of guilty to Count 3, Defendant is no longer eligible for assistance under any state program funded under part A of Title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Defendant also understands that the Court may deny Defendant's eligibility for any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

7.    Elements of the Offenses

The United States and Defendant agree that, to convict Defendant of Arson and Attempted Arson in Indian Country, in violation of 18 U.S.C. §§ 81, 1153, 13,

PLEA AGREEMENT - 5

Wash. Rev. Code § 9A.04.110(5), (7), the United States would have to prove the following beyond a reasonable doubt.

    c.    *First*, on or about October 8, 2025, within the Eastern District of Washington, Defendant intentionally set fire to or burned a building or machinery, to wit: a camper-trailer dwelling and a generator;

    d.    *Second*, Defendant acted wrongfully and without justification;

    e.    *Third*, a person's life was placed in jeopardy;

    f.    *Fourth*, the building or machinery was located within the external boundaries of the Kalispel Indian Reservation, in Indian Country; and

    g.    *Fifth*, Defendant is an Indian.

The United States and Defendant agree that, to convict Defendant of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), the United States would have to prove the following beyond a reasonable doubt.

    a.    *First*, on or about October 8, 2025, within the Eastern District of Washington, Defendant knowingly possessed a firearm, to wit: a Smith and Wesson .38 caliber revolver, bearing serial number CMZ4557;

    b.    *Second*, the firearm had been shipped or transported from one state to another;

    c.    *Third*, at the time Defendant possessed the firearm, Defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

    d.    *Fourth*, at the time Defendant possessed the firearm, Defendant knew he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

PLEA AGREEMENT - 6

The United States and Defendant agree that to convict Defendant of Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii), the United States would have to prove the following beyond a reasonable doubt.

    a. *First,* on or about October 8, 2025, in the Eastern District of Washington, Defendant knowingly possessed a mixture or substance containing a detectable amount of methamphetamine;

    b. *Second,* Defendant possessed a mixture of substance containing a detectable amount of methamphetamine with the intent to distribute it to another person; and

    c. *Third,* Defendant possessed with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

8.   Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing.

On October 8, 2025, officers with the Kalispel Tribal Police Department were alerted by security at the Northern Quest Resort & Casino that an individual had been observed on surveillance trying to light a parked camper-trailer on fire. Surveillance footage revealed that the individual had started a fire on a generator attached to the camper-trailer.

PLEA AGREEMENT - 7

Officers responded and located Defendant, who was identified as the same individual who had been observed lighting the fire. An officer ran over to the generator and extinguished the fire with a fire extinguisher. Two women (Z.P. and T.B.) had been inside the camper-trailer and exited when law enforcement approached. A man (S.C.) approached officers and indicated that Defendant had threatened him with what appeared to be a firearm.

Defendant was searched incident to arrest. Defendant indicated that he had a firearm in a hip holster. The firearm was removed and identified as a Smith and Wesson .38 caliber revolver, bearing serial number CMZ4557. The firearm was later determined to have been manufactured in Massachusetts and accordingly traveled in interstate commerce to reach the Eastern District of Washington. Defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year and accordingly was prohibited from possessing a firearm.

Officers also located two separate containers of suspected methamphetamine on Defendant's person. The suspected methamphetamine was field tested and determined to be methamphetamine. The methamphetamine weighed more than 50 grams.

After being read his *Miranda* warnings, Defendant agreed to speak to officers. Defendant stated that the people in the trailer had brought him to the casino and ripped him off. Defendant stated that he was ripped off concerning a deal involving methamphetamine. When asked why he was attempting to light the trailer on fire, Defendant stated "retribution."

Defendant has some quantum of Indian blood and is an enrolled member of the Potawatomi Tribe of Indians. Defendant is accordingly an Indian. Further, the location where the arson occurred is within the external boundaries of the Kalispel Indian Reservation, in Indian Country.

PLEA AGREEMENT - 8

Defendant stipulates and agrees that Defendant intentionally set fire to and burned a camper-trailer and generator. Defendant further stipulates and agrees that, as the camper-trailer was occupied at the time, a person's life was placed in jeopardy. Defendant further stipulates and agrees that he possessed a firearm after having previously been convicted of an offense punishable by a term of imprisonment exceeding one year and that Defendant knew of such previous conviction. Defendant further stipulates and agrees that Defendant possessed the methamphetamine located on Defendant's person with intent to distribute the methamphetamine to another person.

9.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss Count 4 of the Indictment filed on December 17, 2025, which charges Defendant with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A).

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

10.    United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("USSG" or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing.

The United States and Defendant agree to recommend Counts 1-3 should group under USSG §3D1.2(c) due to the inclusion of the arson conduct as a specific offense characteristic under USSG §2D1.1(b)(2), *infra*. If the Court does not impose the arson as a specific offense characteristic under USSG 2D1.1(b)(2),

PLEA AGREEMENT - 9

the United States and Defendant agree to recommend Counts 1 and 2 will group together and Count 3 results in an additional unit, which results in a 2-level base offense increase, which functionally will result in the same advisory guideline calculation.

a. *Base Offense Level*

The United States and Defendant agree and stipulate that Defendant possessed with intent to distribute between 50 grams and 200 grams of methamphetamine. The United States and Defendant accordingly agree and stipulate that Defendant's base offense level is twenty-four (24). *See* USSG §2D1.1(a)(5), (c)(8).

b. *Specific Offense Characteristics*

The United States and Defendant stipulate and agree that the base offense level is increased by two (2) levels as Defendant possessed a firearm. *See* USSG §2D1.1(b)(1).

The United States and Defendant stipulate and agree that the base offense level is increased by two (2) levels as Defendant – through Defendant setting fire to and burning the occupied camper-trailer – used violence or made a credible threat to use violence. *See* USSG §2D1.1(b)(2).

c. *Acceptance of Responsibility*

The United States will recommend that Defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a), (b) if Defendant does the following:

    i.    accepts this Plea Agreement;

    ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

    iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

PLEA AGREEMENT - 10

iv.     provides complete and accurate information during the sentencing process; and

v.      does not commit any obstructive conduct.

The parties agree that, at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, before sentencing, Defendant is convicted of any criminal offense or, if Defendant tests positive for any controlled substance.

d. *Agreements Regarding Representations to the Court*

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

i.      The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

ii.     The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

iii.    The United States and Defendant may each present and argue any additional facts that the United States or

PLEA AGREEMENT - 11

Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

iv.     The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report;

v.      The United States and Defendant may each respond to any arguments presented by the other;

vi.     In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

vii.    In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

PLEA AGREEMENT - 12

      viii.     The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and.

      ix.     Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate.

     e.   *No Other Agreements*

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.

     f.   *Criminal History*

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigation Report.

    11.  Incarceration

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree to recommend a sentence between sixty-three (63) and seventy-eight (78) months imprisonment. Although the United States and Defendant agree to make the above recommendation to the Court pursuant to Rule 11(c)(1)(C), Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose.

PLEA AGREEMENT - 13

Defendant understands that Defendant may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of greater than 78 months or indicates its intent to do so. Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 63 months or indicates its intent to do so.

The United States and Defendant acknowledge that the imposition of any fine, restitution order, term, or conditions of Supervised Release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant are free to make any recommendations they deem appropriate as to the imposition of any fine, restitution order, term, or conditions of Supervised Release; and that the Court will exercise its discretion in this regard. The United States and Defendant acknowledge that the Court's decisions regarding the imposition of any fine, restitution order, term, or conditions of Supervised Release will not provide bases for Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

Defendant acknowledges that if either the United States or Defendant successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and the United States is no longer bound by any representations within it.

At the time of Defendant's original sentencing in the District Court, the United States agrees to make a sentencing recommendation to the Court that is consistent with this Plea Agreement. The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original sentencing in the District Court. The United States' agreement to make such a recommendation does not prohibit or limit in any way the United States' ability to argue for or against any future sentencing modification that takes place after Defendant's original sentencing in the District Court, whether that modification consists of an amendment to the Guidelines, a change to a statutory minimum or maximum sentence, any form of compassionate release, any violation of

PLEA AGREEMENT - 14

Supervised Release, or any other modification that is known or unknown to the parties at the time of Defendant's original criminal sentencing. In this Plea Agreement, the United States makes no promises or representations about what positions the United States will take or recommendations the United States will make in any proceeding that occurs after Defendant's original sentencing in the District Court.

12.    Supervised Release

The United States and Defendant agree to recommend that the Court impose a five (5) year term of supervised release on Counts One and Three. Defendant agrees that the Court's decision regarding the term and conditions of Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal any condition of the Supervise Release.

Defendant understands that the United States intends to recommend that, in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

- That the United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control;

- That Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs;

- That Defendant shall complete such mental health evaluations and treatment as the Probation Officer directs; and

- That Defendant have no contact, direct or indirect, with S.C., Z.P., and T.B.

PLEA AGREEMENT - 15

### 13.  Criminal Fine

The United States and Defendant agree to recommend that no fine be imposed. Defendant agrees that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with any fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal any fine imposed.

### 14.  Mandatory Special Penalty Assessment

Defendant agrees to pay the $300 ($100 per count) mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington. *See* 18 U.S.C. § 3013.

### 15.  Restitution

The United States and Defendant agree that restitution is appropriate and mandatory, without regard to Defendant's economic situation, pursuant to 18 U.S.C. §§ 3663A, 3664, for the offense conduct to which Defendant has pled guilty for all victims, as defined by 18 U.S.C. § 3663A(a)(2), who were directly and proximately harmed by the offense conduct, including any representatives of any victim's estate. Furthermore, pursuant to 18 U.S.C. § 3663A(a)(3), Defendant voluntarily agrees to pay restitution for all losses, as defined by 18 U.S.C. § 3663A(b)(2)-(4), caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement.

With respect to restitution, the United States and Defendant agree to the following:

a.  *Restitution Amount and Interest*

The United States and Defendant stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an

PLEA AGREEMENT - 16

amount to be determined at sentencing, and that any interest on this restitution amount, if any, should be waived.

The United States and Defendant stipulate and agree that restitution shall be ordered to S.C., Z.P., and T.B. and/or any third-party compensating S.C., Z.P., and T.B. including Crime Victim's Compensation. 18 U.S.C. § 3664(j)(1).

    b. *Payments*

To the extent restitution is ordered, the United States and Defendant agree that the Court will set a restitution payment schedule based on Defendant's financial circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of Defendant's net monthly income towards restitution.

    c. *Treasury Offset Program and Collection*

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m).

Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

PLEA AGREEMENT - 17

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

d.    *Notifications and Waivers*

Defendant agrees to notify the Court and the United States of any material change in Defendant's economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect Defendant's ability to pay restitution. 18 U.S.C. § 3664(k). Defendant also agrees to notify the United States of any address change within 30 days of that change. 18 U.S.C. § 3612(b)(1)(F). These obligations cease when Defendant's fine and restitution obligations are paid in full.

Defendant acknowledges that the Court's decision regarding restitution is final and non-appealable; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or restitution order.

16.    Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

17.    Judicial Forfeiture

Defendant agrees to voluntarily forfeit and relinquish all right, title and interest he has in the following listed assets to the United States:

- a Smith and Wesson .38 caliber revolver, bearing serial number CMZ4557.

Defendant acknowledges that the asset listed above is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as property involved or used in the commission of the offense Felon in Possession of

PLEA AGREEMENT - 18

a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), to which Defendant is pleading guilty.

Defendant agrees to take all steps as requested by the United States to pass clear title to the asset to the United States and to testify truthfully in any forfeiture proceeding. Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement. Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

18. Additional Violations of Law Can Void Plea Agreement

The United States and Defendant agree the United States may, at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, before sentencing, Defendant is convicted of any criminal offense or tests positive for any unlawful controlled substance.

19. Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's convictions and the sentences imposed by the Court.

Defendant expressly waives Defendant's right to appeal any aspect of Defendant's convictions and/or the sentences the Court imposes, on any grounds,

PLEA AGREEMENT - 19

so long as the Court imposes a term of imprisonment consistent with this Rule 11(c)(1)(C) Plea Agreement.

Defendant further expressly agrees that, should the Court indicate its intent to impose a sentence above the Rule 11(c)(1)(C) terms of this Plea Agreement, Defendant agrees that Defendant has fourteen (14) days from the sentencing hearing to file with the Court a notice of withdrawal from the Rule 11(c)(1)(C) Plea Agreement. Defendant expressly waives Defendant's right to withdraw from the Rule 11(c)(1)(C) Plea Agreement more than fourteen (14) days after the Court either imposes a sentence above the Rule 11(c)(1)(C) terms of this Plea Agreement or indicates its intent to do so.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's convictions and sentences, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the convictions or sentences, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

Defendant expressly waives Defendant's right, even if otherwise authorized by the United States Constitution or federal law, to challenge in the district court, to move to withdraw Defendant's plea based on, or to appeal the validity and/or entry of, any and all charging instruments, any and all plea agreements, any and all pleadings, any and all communications between any and all defense counsel and any and all Assistant United States Attorneys, and/or any and all guilty pleas in the above-captioned matter based on any and all arguments that the United States, the

PLEA AGREEMENT - 20

United States Attorney's Office for the Eastern District of Washington, the Deputy Attorney General, any and all First Assistant United States Attorneys for the Eastern District of Washington, any and all Criminal Chiefs for the United States Attorney's Office for the Eastern District of Washington, any and all Assistant United States Attorneys for the Eastern District of Washington, and/or any and all attorneys for the government, are in any way unauthorized to bring, seek, file, and/or resolve any and all aspects of the above-captioned matter, case, and/or charges.

20.    Withdrawal or Vacatur of Defendant's Plea

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.    Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

    b.    the United States may prosecute Defendant on all available charges;

    c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

    d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or

PLEA AGREEMENT - 21

dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

21.    Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the parties, and no other promises, agreements, or conditions exist between the parties concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree this Agreement cannot be modified except in a writing that is signed by both parties.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Todd Blanche
Deputy Attorney General

_Noah H. M_ AVSA N. Heinrich for: _____    _2/11/26_ _____
Michael J. Ellis                                Date
Assistant United States Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and

PLEA AGREEMENT - 22

voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____          2 - 11 - 26
Matthew Barshaw                          Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____          2/11/26
Adrien L. Fox                            Date
Attorney for Defendant

PLEA AGREEMENT - 23